**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2015 JAN 14  AM 9: 00

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
          DEPUTY

**DOUGLAS W. SANDERS,**
                    **Plaintiff,**

-vs-                                                    **Case No.  A-14-CA-1071-SS**

**ENHANCED RECOVERY COMPANY, LLC,**
                    **Defendant.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Douglas W. Sanders's Motion to Remand [#7] and Defendant Enhanced Recovery Company, LLC's Response [#8].  Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and order GRANTING the motion and REMANDING the case to the Justice of the Peace Court, Precinct 1, Llano County, Texas.

### Background

Plaintiff Douglas Sanders filed this lawsuit against Defendant Enhanced Recovery Company, LLC (ERC) in Llano County, Texas by filling out a form petition in small claims court.  The handwritten petition alleges ERC seeks to collect a debt from Sanders which he claims not to owe.  Specifically, Sanders found a supposed three-year-old collection case for $156 on his credit report and after notifying ERC the debt was erroneous, ERC refused to expunge the alleged false debt from his credit report.  Sanders asserts causes of action for "defamation, fraud, and a violation of the Fair Debt Collection Practices Act."  Def.'s Resp. [#8-1] (Orig. Pet.) at 1.  He requests an injunction

requiring ERC to expunge the false statements from his credit report, damages in the amount of $10,000, and attorney's fees. *Id.*

On November 25, 2014, ERC answered, and the next day ERC removed the case to this Court on the sole basis of federal question jurisdiction. *See* Notice Removal [#1] ¶ 4. As ERC reads Sanders's petition, he alleges a violation of the "Fair Debt Collection Practices Act," which must refer to the federal debt collection statute, not its Texas equivalent. *Id.* ¶ 1. On December 10, 2014, Sanders filed a motion to remand, representing he "is not seeking any relief under federal law," and "the statute to which [he] refers in his State Court Petition is the Texas Fair Debt Collection Practices Act, Tex. Fin. Code Ann. Sections 392.001, et. seq." Mot. Remand [#7] at 1. Because his claims "are based <u>solely</u> on Texas state statutory and tort law," Sanders seeks remand. *Id.*

### Analysis

The issue on this motion to remand is straightforward: whether Sanders is pursuing any relief under federal law. If not, there is no basis for this Court's jurisdiction. Sanders contends he is not pursuing any relief under federal law. ERC disputes this contention, arguing Sanders alleged a violation of the "Fair Debt Collection Practices Act," which is a title exclusively reserved for the federal statute. *See* Def.'s Resp. [#8] ¶ 5. According to ERC, if Sanders wanted to sue for violations of the Texas laws, he needed to write down its proper title: the "Texas Debt Collection Practices Act." *Id.*

ERC's argument, even if technically correct, ignores common sense. ERC suggests Sanders "made a deliberate choice to proceed under the Fair Debt Collection Practices Act and cannot now disavow his federal claim in an effort to defeat removal." *Id.* ¶ 6. Sanders made no such choice; he intended to proceed under Texas law, and in case his use of the language "Fair Debt Collection

Practices Act" created confusion, his pleadings before this Court make clear he is proceeding solely based on Texas statutory and tort law.  He is not suing under the federal Fair Debt Collection Practices Act.

While the Court thinks it unnecessary to actually address whether the words "Fair Debt Collection Practices Act" must, ipso facto, refer to the federal statute rather than the Texas analog, it does note many courts, including the Fifth Circuit, have referred to the Texas law as both the "Texas Debt Collection Practices Act" and the "Texas Fair Debt Collection Practices Act." *Compare Payne v. Progressive Fin. Servs.*, 748 F.3d 605, 606 (5th Cir. 2014) (referring to the federal statute as the "Fair Debt Collection Practices Act" and the Texas statute as the "Texas Debt Collection Practices Act"), *with Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 480 (5th Cir. 2013) (unpublished) (referring to the Texas statute as the "Texas Fair Debt Collection Practices Act").  This interchangeable use of the term "Fair Debt Collection Practices Act" to refer both to the federal statute and the Texas law is consistent with this Court's experience.

ERC argues courts calling the Texas law the "Texas Fair Debt Collection Practices Act" are wrong, but even assuming ERC is correct on this point, certainly Sanders can be excused for referring to the Texas law as the "Fair Debt Collection Practices Act" when the Fifth Circuit has done the same.  Giving Sanders some leeway is particularly appropriate in this case when Sanders, while he is a lawyer, is representing himself, and the petition at issue is a handwritten form in small claims court.  The bottom line is that Sanders's pleadings before this Court are clear he proceeds only under state law.  ERC's "gotcha" attempt to bind Sanders to some unclear wording does not trump practicality.

ERC also argues Sanders has failed to timely amend his pleadings as a matter of course

within the time period specified for doing so under Federal Rule of Civil Procedure 15(a)(1). Rule 15(a)(2), however, provides "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). If Sanders moved for leave to amend his pleadings and clarify he was referring to the Texas debt collection law in his petition, and he is solely pursuing state remedies (as he has clarified in his motion to remand), the Court would grant the motion. Lacking jurisdiction, the Court would proceed to remand the case where it belongs.

### Conclusion

ERC removed this case on the sole ground of federal question jurisdiction. Yet Sanders sues ERC for causes of action based exclusively in Texas statutory and tort law. Lacking jurisdiction, the Court GRANTS Sanders's motion to remand. Sanders has also requested costs and attorney's fees. A district court has discretion to award costs and attorney's fees incurred as result of removal. *See* 28 U.S.C. § 1447(c). In examining the question, the district court should not award attorney's fees when the removing party has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). While the Court rejects ERC's hyper-technical basis for removal, it does not consider the argument made in bad faith. Sanders's request for costs and attorney's fees is DENIED.

Accordingly,

IT IS ORDERED that Plaintiff Douglas W. Sanders's Motion to Remand [#7] is GRANTED;

IT IS FURTHER ORDERED that this case is REMANDED to the Justice of the Peace Court, Precinct 1, Llano County, Texas;

IT IS FURTHER ORDERED that the Clerk's office shall send a certified copy of this Order to the Clerk of the Justice of the Peace Court, Precinct 1, Llano County, Texas;

IT IS FINALLY ORDERED that the parties shall bear their own costs of this removal, for which let execution issue.

SIGNED this the _14th_ day of January 2015.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE